## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF LOUISIANA

HOWARD COHAN,

      Plaintiff,

v.

CRACKER BARREL OLD COUNTRY
STORE, INC.

      Defendant.

Civil Action No.

### COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff Howard Cohan, through his undersigned counsel, states the following in support

of his complaint for declaratory and injunctive relief to remedy discrimination by Cracker Barrel

Old Country Store, Inc. based on Plaintiff's disability in violation of Title III of the Americans

with Disabilities Act of 1990, 42 U.S.C. §§ 12181 et seq. ("ADA"), and its implementing

regulation, 28 C.F.R. Part 36:

### JURISDICTION AND VENUE

1.    This Court has jurisdiction over this action pursuant to 42 U.S.C. § 2000a-3(a), 28 U.S.C.

§ 1331, and 28 U.S.C. § 1343.

2.    Venue is appropriate in this district under 28 U.S.C. § 1391 because the acts of

discrimination occurred in this district, and the property that is the subject of this action is in this

district.

### PARTIES

3.    Plaintiff is a resident of Palm Beach County, Florida.

4.      Defendant is a corporation with its registered office located at 3867 Plaza Tower Dr,

Baton Rouge, LA 70816.

5.      Upon information and belief, Defendant owns or operates Cracker Barrel whose locations

qualify as a "Facility" as defined in 28 C.F.R. § 36.104.

## FACTUAL ALLEGATIONS

6.      Plaintiff incorporates the above paragraphs by reference.

7.      Plaintiff is an individual with numerous disabilities, including severe spinal stenosis of

the lumbar spine with spondylolisthesis and right leg pain, severe spinal stenosis of the cervical

spine with nerve root compromise on the right side, a non-union fracture of the left acromion

(shoulder), a labral tear of the left shoulder, a full thickness right rotor cuff tear, a right knee

medial meniscal tear, a repaired ACL and bilateral meniscal tear of the left knee and severe basal

joint arthritis of the left thumb.

8.      At the time of Plaintiff's initial visit to Cracker Barrel (and prior to instituting this action),

Plaintiff suffered from a qualified disability under the 28 C.F.R. 36.104.

9.      Plaintiff was denied full and equal access and enjoyment of the services, goods and

amenities due to barriers present at the Facility and a failure of Defendant to make reasonable

accommodations.

10.     Plaintiff would return to the Facility if Defendant modifies the Facility and its policies

and practices to accommodate individuals who have physical disabilities, but he is deterred from

returning due to the discriminatory conditions at the Facility.

## COUNT I
## REQUEST FOR DECLARATORY JUDGMENT UNDER 28 U.S.C. § 2201

11.     Plaintiff incorporates the above paragraphs by reference.

12.     This Court is empowered to issue a declaratory judgment regarding: (1) Defendant's

violation of 42 U.S.C. § 12182; (2) Defendant's duty to comply with the provisions of 42 U.S.C.

§ 12181 et al; (3) Defendant's duty to remove architectural barriers at the Facility; and (4)

Plaintiff's right to be free from discrimination due to his disability. 28 U.S.C. § 2201.

13.     Plaintiff seeks an order declaring that he was discriminated against on the basis of his

disability.

**COUNT II**
**REQUEST FOR INJUNCTIVE RELIEF UNDER 42 U.S.C. § 2000a–3(a)**

14.     Plaintiff incorporates the above paragraphs by reference.

15.     Cracker Barrel is a place of public accommodation covered by Title III of the ADA

because it is operated by a private entity, its operations affect commerce, and it is a restaurant. 42

U.S.C. § 12181(7); see 28 C.F.R. § 36.104.

16.     Defendant is a public accommodation covered by Title III of the ADA because it owns,

leases (or leases to), or operates a place of public accommodation. See 42 U.S.C. §§ 12181(7),

12182(a); 28 C.F.R. § 36.104.

17.     Architectural barriers exist which denied Plaintiff full and equal access to the goods and

services Defendant offers to non-disabled individuals.

18.     Plaintiff personally encountered architectural barriers on May 8, 2018, at the Facility

located at 2313 S Tanger Blvd, Gonzales, LA 70737:

    a.     Interior Door:

        i.     Providing a gate or door with a continuous opening pressure of greater than 5

               lbs. exceeding the limits for a person with a disability in violation of 2010

               ADAAG §§404, 404.1, 404.2, 404.2.9 and 309.4.

    b.      Restroom:

        i.      Failing to provide operable parts that are functional or are in the proper reach ranges as required for a person with a disability in violation of 2010 ADAAG §§309, 309.1, 309.2, 309.3, 309.4 and 308.

        ii.      Failing to provide the proper insulation or protection for plumbing or other sharp or abrasive objects under a sink or countertop in violation of 2010 ADAAG §§606 and 606.5.

        iii.      Failing to provide the proper spacing between a grab bar and an object projecting out of the wall in violation of 2010 ADAAG §§609, 609.1 and 609.3.

        iv.      Failing to provide toilet paper dispensers in the proper position in front of the water closet or at the correct height above the finished floor in violation of 2010 ADAAG §§604, 604.7 and 309.4.

        v.      Failing to provide a coat hook within the proper reach ranges for a person with a disability in violation of 2010 ADAAG §§603, 603.4 and 308.

        vi.      Failing to provide mirror(s) located above lavatories or countertops at the proper height above the finished floor in violation of 2010 ADAAG §§603 and 603.3.

        vii.      Failing to provide the water closet in the proper position relative to the side wall or partition in violation of 2010 ADAAG §§604 and 604.2.

19.    Defendant's policies, practices, or procedures of not training its staff to identify and reasonably modify its services creates an environment where individuals with disabilities are not provided goods and services in the most integrated setting possible.

20.     Defendant has discriminated and continues to discriminate against Plaintiff (and others

who are similarly situated) by denying access to full and equal enjoyment of goods, services,

facilities, privileges, advantages, or accommodations located at the Facility due to the barriers

and violations listed in this Complaint.

21.     Defendant has failed to remove some or all of the barriers and violations at the Facility.

22.     It would be readily achievable for Defendant to remove all of the barriers at the Facility.

23.     Failing to remove barriers to access where it is readily achievable is discrimination

against individuals with disabilities. 42 U.S.C. §§ 12182(a), 12182(b)(2)(A)(iv), and 28 C.F.R. §

36.304.

24.     Defendant's failure to modify its policies, practices, or procedures to allow its goods and

services to be provided in the most integrated setting is discriminatory. 42 U.S.C. §§ 12182(a),

12182(b)(2)(A)(iv), and 28 C.F.R. § 36.302.

## RELIEF REQUESTED

25.     WHEREFORE, Plaintiff respectfully requests that this Court:

26.     declare that the Facility identified in this Complaint is in violation of the ADA;

27.     declare that the Facility identified in this Complaint is in violation of the ADAAG;

28.     enter an Order requiring Defendant make the Facility accessible to and usable by

individuals with disabilities to the full extent required by Title III of the ADA;

29.     enter an Order directing Defendant to evaluate and neutralize its policies, practices, and

procedures towards persons with disabilities;

30.     award Plaintiff attorney fees, costs (including, but not limited to court costs and expert

fees) and other expenses of this litigation pursuant to 42 U.S.C. § 12205; and

31.     grant any other such relief as the Court deems just and proper.

Respectfully submitted this 21nd of September, 2018

/s/ Keren E. Gesund, Esq.

Keren E. Gesund, Esq.
Louisiana Bar No. 34397
3421 N. Causeway Blvd., Suite 805
Metairie, LA  70002
Tel: (702) 300-1180
Fax: (504) 265-9492
keren@gp-nola.com
Attorney for Plaintiff